**08 CIV. 1948**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK      X

JAMES G. PIERCE,

      Plaintiff,

-against-

HIGHLAND FALLS-FORT MONTGOMERY
CENTRAL SCHOOL DISTRICT,
PHILIP B. ARBOLINO, former Superintendent of Schools,
and LOUIS TROMBETTA, High School Principal,
sued in their individual capacities,

      Defendants.
_____X

**COMPLAINT**

**ECF Case**

**Jury Trial Demanded**

**JUDGE ROBINSON**

## I.  INTRODUCTION

1. Plaintiff JAMES G. PIERCE brings this lawsuit against his employer, defendants HIGHLAND FALLS-FORT MONTGOMERY CENTRAL SCHOOL DISTRICT, PHILIP ARBOLINO, former Superintendent of Schools and LOUIS TROMBETTA, High School Principal, alleging violation of the Americans With Disabilities Act, 42 U.S.C. 12101, §504 of the Rehabilitation Act and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, for discriminating against him based upon their belief and perception that he is disabled.

## II.  PARTIES

2. Plaintiff James G. Pierce is a 55-year old male residing in Wappinger Falls, Dutchess County, New York.

3. Defendant Highland Falls-Fort Montgomery Central School District (hereinafter

"the District") is a public entity organized pursuant to the laws of the State of New York. The District receives federal funding. It may sue and be sued.

4. Defendant Philip B. Arbolino was the District's Superintendent of Schools at all times relevant to this matter. He is sued in his individual capacity.

5. Defendant Louis Trombetta is the District's High School Principal. He is sued in his individual capacity.

### III. JURISDICTION AND VENUE

6. As all events occurred within the County of Orange, venue is properly found in this district.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(3) & (4), the Americans With Disabilities Act, the Rehabilitation Act and 42 U.S.C. §1983.

8. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. Fewer than 90 days have elapsed since he received his Notice of Right to Sue.

### IV. FACTS

9. Plaintiff is a New York State licensed teacher certified to teach Special Education and History at the secondary level.

10. In September 2003, the District hired plaintiff as a Special Education teacher at James I. O'Neill High School. Plaintiff also chaired the Special Education Department and directed school plays.

11. In May 2005, the District granted plaintiff tenure.

12. In or about 2005, the District appointed defendant Arbolino Superintendent of

Schools.

13. In or about March 2006, while plaintiff was directing rehearsals for the school play, a parent confronted him, via e-mail, objecting to his removal of a student from the production. This parent threatened that someone might "force" plaintiff to reinstate the student and that parents were ready to protest to the school board "en masse." Thereafter this parent complained to Board of Education member David DeLeo.

14. In or about April 2006, Board of Education member Ned Kopald sent a memorandum to Arbolino making reference to plaintiff's "alleged addiction."

15. At the end of the 2006 school year, plaintiff was advised that he was reassigned to the "In-School Suspension" room and would not be directing the school play the following year. Plaintiff was not given any reason for this action.

16. Plaintiff was also removed from his position as Special Education teacher and department chair without being given any reason for this action.

17. In or about June 2006, plaintiff was directed to contact a physician retained by the District for a medical examination. Again, plaintiff was not told the reason for this action.

18. In his report to Arbolino, the District's physician noted that plaintiff was taking Hydrocodone 10, a painkiller for pain associated with bilateral hip replacements plaintiff had in 2001 and 2003. In addition, the physician noted that plaintiff was using Valium 10mg. every other day for two months. The physician erroneously stated that plaintiff had no prescription for the Valium.

19. In or about September 2006, in a memo to Trombetta, Arbolino discussed steps to

comply with the Board of Education's directive to carefully monitor plaintiff and keep a close watch on his actions. At no time did defendants discuss with plaintiff the district's alleged concerns or the reasons therefor.

20. In or about October 2006, plaintiff was again directed to contact the same physician for another examination. He was not told the reason for this action.

21. Plaintiff provided to the District evidence that his orthopedist had prescribed painkillers in response to his legitimate and ongoing chronic pain and that he was in counseling due to his divorce and death of his son.

22. Nevertheless, in an apparent effort to induce plaintiff to resign, the District refused to permit him to return to the classroom and offered no rational explanation for its actions against him.

23. Throughout the 2006-2007 school year, plaintiff was assigned to the In-School Suspension room, where he taught no classes but merely monitored the assignments and conduct of students who had been suspended for infractions. In prior years, this room had not been assigned to a licensed teacher and, whenever plaintiff was absent, a teacher's aide was assigned to substitute for him.

24. Moreover, throughout that school year, Trombetta micromanaged plaintiff's conduct and barraged him with continual memoranda baselessly criticizing his behavior.

25. In or about spring 2007, plaintiff received his New York State certification to teach Social Studies at the secondary level.

26. In or about June 2007, plaintiff was advised that he would be returned to classroom teaching in fall 2007. No explanation was given to him concerning the

change in his status.

27. In September 2007, plaintiff returned to the classroom to teach Special Education Math. He was again subjected to a barrage of baseless criticisms and removed from teaching a number of classes.

28. Through their writings and conduct, defendants have made clear that they regard plaintiff as having a physical or mental impairment that substantially limits a major life function such as working or cognitive ability, within the meaning of the Americans With Disabilities Act.

29. Defendants have made no effort to conduct a good faith discussion with plaintiff about any concerns they might have with respect to his health and/or his teaching but instead have undermined his career and destroyed his reputation.

30. As a consequence of defendants' illegal actions, plaintiff has suffered loss of career opportunities and reputation, lost wages and pension benefits and extreme emotional distress, including extreme public humiliation, constant anxiety and other symptoms of extreme distress.

V. **CAUSES OF ACTION**

31. Plaintiff hereby incorporates the allegations in paragraphs 1-29 as if fully restated herein.

32. Defendant District willfully and knowingly violated the Americans With Disabilities Act, 42 U.S.C. 12101 and §504 of the Rehabilitation Act by discriminating against plaintiff based upon its belief and perception that he is disabled.

33. Defendants Arbolino and Trombetta willfully and knowingly violated the Equal

Protection Clause of the Fourteenth Amendment to the United States Constitution by discriminating against plaintiff based upon their belief and perception that he is disabled.

**WHEREFORE**, plaintiff prays that this Honorable Court:

    a.    accept jurisdiction over this matter;

    b.    empanel a jury to fairly hear and decide this matter;

    c.    award to plaintiff back and front pay;

    d.    award to plaintiff compensatory damages sustained as a result of defendants' discriminatory practices;

    e.    award to plaintiff punitive damages for defendants' willful and outrageous conduct; and

    f.    award any other relief deemed just and proper.

Dated:    February 26, 2008
Chester, New York

Respectfully submitted,

S/ *[signature]*
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
Counsel for plaintiffs
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277