UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------)
JAMES PIERCE,                                                )
                                                             )
                        Plaintiff,                           )   ECF Case No. 08-civ-1948 (SCR)
                                                             )
        - against -                                          )
                                                             )
HIGHLAND FALLS-FORT                                          )
MONTGOMERY CENTRAL SCHOOL                                    )
DISTRICT, PHILIP B. ARBOLINO, former                         )
Superintendent of Schools, and LOUIS                         )
TROMBETTA, High School Principal,                            )
sued in their individual capacities,                         )
                                                             )
                        Defendants.                          )
-------------------------------------------------------------)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Of Counsel:                         TRAUB LIEBERMAN STRAUS
Lisa L. Shrewsberry                 & SHREWSBERRY LLP
                                    Mid-Westchester Executive Park
                                    Seven Skyline Drive
                                    Hawthorne, New York 10532
                                    (914) 347-2600
                                    Attorneys for Defendants

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      POINT I.    DEFENDANTS HAVE PROPERLY RELIED UPON
                         DOCUMENTS IN THE INSTANT MOTION . . . . . . . . . . . . . . . . . . . . . 2

      POINT II.   PLAINTIFF CANNOT MAINTAIN A CLAIM UNDER THE ADA . . . 3

            A.    Plaintiff Has Not Demonstrated That He Has A Disability
                   Or Was "Regarded As" Having A Disability Within The
                   Meaning Of The ADA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            B.    Plaintiff Has Not Suffered An Adverse Employment Action . . . . . . . . . . 6

            C.    Plaintiff is Not a "Qualified Individual" Within the
                   Meaning of the ADA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      POINT III.  PLAINTIFF HAS FAILED TO STATE A CLAIM FOR
                        VIOLATIONS OF THE EQUAL PROTECTION CLAUSE . . . . . . . . . . 8

III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **TABLE OF AUTHORITIES**

**Cases**

*Amron v. Morgan Stanley Inv. Advisors, Inc.*,
   464 F.3d 338 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bobrowsky v. New York City Bd. of Educ.*,
   1999 U.S. Dist. LEXIS 14528
   (E.D.N.Y. 1999), *aff'd mem.*, 213 F.3d 625 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Borkowski v. Valley Central Sch. Dist.*,
   63 F.3d 131 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brennan v. City of White Plains*,
   67 F. Supp. 2d 362 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Chamber v. Time Warner, Inc.*,
   282 F. 2d 147, 153 (2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Colwell v. Suffolk County Police Dep't*,
   158 F.3d 635 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Cortec Industries v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991), *cert denied* 112 S.Ct. 1561 (1992) . . . . . . . . . . . . . . . . . . . . . 2

*DeMaria v. Hawkes*,
   328 F.3d 704 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Fleming v. State Univ. of N.Y.*,
   502 F. Supp. 2d 324 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Galabya v. New York City Board of Education*,
   202 F.3d 636 (2d Cir. 1999)(citations omitted) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Jacques v. DiMarzio, Inc.*,
   386 F.3d 192 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Johns v. Town of East Hampton*,
   942 F. Supp. 99 (E.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Leonard F. v. Israel Discount Bank*,
   199 F.3d 99 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mazza v. Bratton*,
   108 F. Supp. 2d 167 (E.D.N.Y. 2000) .................................................. 8

*McCullough v. Wyandanch Union Free Sch. Dist.*,
   187 F.3d 272 (2d Cir. 1999) ........................................................... 9

*Menes v. CUNY Univ.*,
   92 F. Supp. 2d 294 (S.D.N.Y. 2000) .................................................. 4

*Mescall v. Marra*,
   49 F. Supp. 2d 365 (S.D.N.Y. 1999) .................................................. 8

*Reeves v. Sanderson Plumbing Prods., Inc.*,
   530 U.S. 133, 120 S. Ct. 2097 (2000) ............................................. 6, 8

*Rodal v. Anesthesia Group of Onondaga, P.C.*,
   369 F.3d 113 (2d Cir. 2004) ........................................................... 3

*Starr v. Time Warner, Inc.*,
   2007 U.S. Dist. LEXIS 88219, 10-11 (S.D.N.Y. 2007) ......................... 5, 6

**<u>Statutes</u>**

29 CFR §1630.2(j) .............................................................................. 4

29 CFR §1630.2(l) .............................................................................. 4

29 U.S.C. §794(a) .............................................................................. 4

29 U.S.C. §794(d) .............................................................................. 4

42 U.S.C. §12111(2) ........................................................................... 3

42 U.S.C. §1983 ............................................................................... 10

Americans With Disabilities Act,
   42 U.S.C. §12102 .......................................................................... 1

Education Law §913 ........................................................................... 9

Fed R. Civ. P. 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 10

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**PRELIMINARY STATEMENT**

This reply memorandum of law is submitted in reply to plaintiff's opposition to, and in further support of, defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). It is respectfully requested that this court dismiss plaintiff's complaint in its entirety, with prejudice, on the grounds that plaintiff fails to plead that: (i) defendants perceived him to be disabled within the meaning of the Americans With Disabilities Act, 42 U.S.C. §12102, *et seq*. ("ADA"); (ii) he suffered an adverse employment action within the meaning of the ADA; (iii) he is a "qualified individual" within the meaning of the ADA; (iv) he was treated differently from any similarly-situated individual; or (iv) there was a violation of a statutory or constitutional right.

As set forth more fully below, plaintiff's arguments that: (i) documentation submitted by defendants in support of their motion should not be considered by the court; (ii) the complaint sufficiently alleges a discrimination claim under the ADA and the Rehabilitation Act; and (iii) the complaint sufficiently alleges a claim for violations of plaintiff's Fourteenth Amendment rights, are wholly without merit. Accordingly, plaintiff's complaint should be dismissed in its entirety.

For reasons of brevity, the facts will not be repeated herein and defendants respectfully refer the court to the statement of facts set forth in their opening memorandum of law.

## ARGUMENT

### POINT I.     DEFENDANTS HAVE PROPERLY RELIED UPON DOCUMENTS IN THE INSTANT MOTION

While a court deciding a motion dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) must treat all factual allegations in the complaint as true and draw all reasonable inferences in a light most favorable to plaintiff, the allegations must still be sufficient from a pleading perspective. *Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 344 (2d Cir. 2006). In so deciding, the court considers the facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken. *Leonard F. v. Israel Discount Bank*, 199 F.3d 99, 107 (2d Cir. 1999). A court may consider documents annexed to the movant's papers which plaintiff either has in his possession or had knowledge of and upon which he relied in bringing his suit, including, as plaintiff acknowledges, documents that are integral to the complaint event if not incorporated in the complaint specifically. *Cortec Industries v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991), *cert denied* 112 S.Ct. 1561 (1992). When a plaintiff fails to introduce pertinent documents as part of his pleading, defendants may introduce the documents as exhibits to their motion to dismiss. *Johns v. Town of East Hampton*, 942 F. Supp. 99, 104 (E.D.N.Y. 1996). The documents submitted in support of defendants' motion illuminate and clarify the allegations set forth in plaintiff's complaint and, thus, are "pertinent" to such complaint. *See Id*.

In his opposition, plaintiff argues that this court should disregard most of the records attached to defendants' motion. Pl. Mem. at 5. However, nowhere in his opposition does plaintiff state that he was not in possession of the documents at issue or that he did not rely upon them in bringing his suit. In fact, plaintiff cannot make such an argument because, as previously set forth in defendants'

opening memorandum, plaintiff based his unsuccessful motion to file a late notice of claim in state court, in part, upon his examination of his personnel file in March 2007. See Shrewsberry Dec., Ex. M. Now, plaintiff merely states that defendants "offer these documents out of context" and reiterates that the complaint alleges that defendants' actions were taken in bad faith. Pl. Mem. at 5. However, this is not the applicable standard. *See Chamber v. Time Warner, Inc.*, 282 F. 2d 147, 153 (2d Cir. 2002). Rather, plaintiff's reliance on such documents in bringing suit is the central issue. *Chamber v. Time Warner, Inc.*, 282 F. 2d 147, 153 (2d Cir. 2002). Accordingly, all documents submitted in support of defendants' motion have been properly submitted and should be considered by the court in the instant motion.

Moreover, even if it were determined that these documents were not relied upon by plaintiff in bringing this suit, defendants may still rely upon these documents by having defendants' motion treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(c), 12(b)

**POINT II.    PLAINTIFF CANNOT MAINTAIN A CLAIM UNDER THE ADA**

As discussed more fully in defendants' initial papers, the ADA prohibits discrimination by covered entities against qualified individuals with a disability. 42 U.S.C. §12111(2). A plaintiff alleging employment discrimination under the ADA bears the initial burden of establishing his prima facie case. *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004). To establish a prima facie case under the ADA, the plaintiff must show that: (i) his employer is subject to the ADA; (ii) he suffers from a disability within the meaning of the ADA; (iii) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations; and (iv) he suffered an adverse employment action because of his disability. *See Jacques v.*

3

*DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004).

Like the ADA, the Rehabilitation Act provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a). The standards to determine whether there has been employment discrimination violative of the Rehabilitation Act are the same as those applied under the ADA. 29 U.S.C. §794(d). *See also Menes v. CUNY Univ.*, 92 F. Supp. 2d 294, 301 (S.D.N.Y. 2000). Accordingly, "ADA" will be used to indicate both statutes.

**A.     Plaintiff Has Not Demonstrated That He Has A Disability Or Was "Regarded As" Having A Disability Within The Meaning Of The ADA**

As an initial matter, plaintiff herein does not dispute that he does not suffer from a "disability" within the meaning of the ADA. See 29 CFR §1630.2(j). This is because plaintiff has no such disability. Thus, plaintiff argues that he was "regarded" as having a disability by the defendants. Pl. Mem. at 6-9. As previously discussed in defendant's initial papers, in order to survive a motion to dismiss an ADA claim based upon a theory of a "perceived" disability, plaintiff must sufficiently allege that: (i) he had a physical or mental impairment that was not a substantial limitation, but was treated by the employer as constituting such limitation; (ii) he had an impairment that was a substantial limitation only as a result of the attitudes of others toward such impairment; or (iii) that he had no impairment at all, but was treated by his employer as having a substantially limiting impairment. 29 CFR §1630.2(l). As part of his prima facie case, plaintiff must allege that the School District thought the perceived impairment would substantially limit him in the performance of the major life activity of working. *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1998).

4

Defendants do not dispute that impairment of cognitive ability can be found to be a disability within the meaning of the ADA. However, plaintiff has not alleged any facts which support the assertion that the School District regarded him as having any "impairment of cognitive ability." While "a plaintiff need not plead specific facts establishing a prima facie case of discrimination in violation of the ADA to survive a motion to dismiss," the plaintiff must, in any event, "plead that [he] was qualified to perform the essential functions of [his] job with or without reasonable accommodation or that [he] suffered adverse employment action because of [his] disability." *Starr v. Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 88219, 10-11 (S.D.N.Y. 2007) (internal citations and quotations omitted). Further, as set forth in defendants' initial papers, action taken by the School District with regard to plaintiff's employment was based solely on legitimate, non-discriminatory reasons, such as his performance as a teacher and his possible involvement in illegal activity.

Nonetheless, plaintiff argues that defendants regarded him as disabled because they reassigned him to monitor the in-school suspension room – a job which plaintiff describes as "menial labor." Pl. Mem at 6-7. However, plaintiff provides nothing but a self-serving mischaracterization in support of that claim. *Id*. In any event, defendants have provided significant evidence to rebut plaintiff's allegation that his transfer was not motivated by a perceived disability. As set forth in defendants' initial papers, plaintiff's transfer was based upon plaintiff's excessive absences, his refusal to admit students into the classroom, his confrontations with colleagues, his unauthorized departures from school campus without explanation, his inappropriate and unprofessional behavior toward students, his inappropriate physical contact with students, his attempts to solicit inappropriate favors from students, his napping during class and test proctoring periods, and his use of profanity around students. Def. Mem. at 5.

Moreover, plaintiff does not dispute that defendants were well within their rights to conduct a medical examination of plaintiff pursuant to Education Law §913 based upon his suspected drug use and suspected driving while under the influence of drugs, and does not argue that no "regarded as" inference can be drawn from such medical examination. Instead, plaintiff states that since he did not raise the issue of his arrest, defendants cannot rely on such information in support of their motion. Pl. Mem. at 8-9. Defendants presented the issue of plaintiff's arrest and suspected drug use to provide an explanation as to why the School District requested that plaintiff submit to a medical examination, so as to rebut any presumption that the School District took any discriminatory action against plaintiff. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43, 120 S. Ct. 2097 (2000). Asking plaintiff to submit to medical examinations that are otherwise authorized by state law does not support plaintiff's assertion that the School District regarded him as disabled. *See Colwell*, 158 F. 3d at 647. Thus, since plaintiff is unable to sufficiently allege that he was regarded by the School District as disabled, plaintiff's complaint should be dismissed.

      **B.**     **Plaintiff Has Not Suffered An Adverse Employment Action**

In his opposition, plaintiff argues that his transfer to the suspension room was a "materia[l] adverse change in the terms and conditions of [his] employment," thus he has sufficiently alleged that he suffered an adverse employment action under the ADA. Pl. Mem. at 9. However, plaintiff's allegations simply do not support his position. *Starr*, 2007 U.S. Dist. LEXIS 88219, 10-11.

As is estabished, "[t]o be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Galabya v. New York City Board of Education*, 202 F.3d 636, 640 (2d Cir. 1999)(citations omitted). Moreover, "'a materially adverse change might be indicated by a termination of employment, a demotion evidenced

by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices." *Galabya*, 202 F.3d at 640 (citations omitted). Here, even though plaintiff's job responsibilities were altered temporarily, plaintiff maintained his title as a teacher with the same salary and benefits. Plaintiff only self-servingly alleges that monitoring the in-school suspension room was not a job for a teacher, and provides no evidence in support of his position. Moreover, plaintiff has failed to allege that he suffered any material loss from this temporary transfer, as he acknowledges that he returned to teaching special education in the fall of 2007. Compl. ¶27. The key "is that the plaintiff must show that the transfer created a "materially significant disadvantage." *Galabya*, 202 F.3d at 640 (citation omitted). Since plaintiff has failed to allege that he suffered any loss of salary or benefits, as he suffered no such loss, and he was ultimately returned to the position of special education teacher, plaintiff cannot be said to have suffered any "materially significant disadvantage," and thus, his claims should be dismissed.

      **C.**     **<u>Plaintiff is Not a "Qualified Individual" Within the Meaning of the ADA</u>**

An individual is otherwise qualified for a job if he is able to perform the essential functions of that job, with or without reasonable accommodations. *Borkowski v. Valley Central Sch. Dist.*, 63 F.3d 131, 135 (2d Cir. 1995). First, as discussed in defendants' initial papers, plaintiff failed to teach the assigned curriculum in a proper manner, thereby compromising both his students' educational advancement and the School District's compliance with the No Child Left Behind legislation. It cannot be argued that plaintiff's failure to properly teach his students the required curriculum at the proper pace constitutes anything but an utter failure to perform the essential functions of his job.

Moreover, it is undisputed that plaintiff was absent 44 days during the 2006-2007 school year and 30 days in the first five months of the 2007-2008 school year. As discussed more fully

7

previously, to be a qualified individual, in addition to possessing the skills necessary to perform the job in question, an employee must be willing and able to demonstrate those skills by attending work on a regular basis. *Mescall v. Marra*, 49 F. Supp. 2d 365, 374 (S.D.N.Y. 1999).  Under the ADA, an employer is neither required to make a reasonable accommodation for an employee who does not attend work nor to retain such an employee.  Attendance is an essential function of employment. *Bobrowsky v. New York City Bd. of Educ.*, 1999 U.S. Dist. LEXIS 14528 (E.D.N.Y. 1999), *aff'd mem.*, 213 F.3d 625 (2d Cir. 2000); *Mazza v. Bratton*, 108 F. Supp. 2d 167, 175 (E.D.N.Y. 2000).

Plaintiff does not dispute his utter failure to perform the essential functions of his job by not showing up for work or not preparing his students.  Instead, plaintiff states this evidence should be disregarded.  However, the defendants have properly utilized this information in support of the instant motion. Further, this information clearly demonstrates that the School District's actions were legitimate and non-discriminatory, and rebuts any negative presumption that may exist regarding plaintiff's claims.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43, 120 S. Ct. 2097 (2000).  Clearly, an explanation as to why the School District took certain alleged actions -- actions that form the basis of plaintiff's claims herein -- are pertinent. Moreover, plaintiff's failure to include such information in his complaint gives a false and misleading impression of the underlying facts.  Plaintiff cannot base his claims upon facts he knows to be half-truths, and then argue that the viability of his claims must only be viewed within the four corners of his complaint.

**POINT III.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATIONS OF THE EQUAL PROTECTION CLAUSE**

Successful equal protection claims may be brought by a "class of one" where the plaintiff alleges he has been intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *DeMaria v. Hawkes*, 328 F.3d 704, 706 (2d Cir.

8

2003). In the instant case plaintiff makes no allegation that he was treated differently from any similarly-situated individuals. Instead, plaintiff argues that defendants have inappropriately moved to dismiss the equal protection claim based upon facts outside the complaint. Pl. Mem. at 11. However, as discussed above, the documents and information submitted in support of the instant motion have been properly relied upon by defendants. Nonetheless, even assuming arguendo that this information was not to be considered by the court, plaintiff's complaint still fails because not only does plaintiff fail to allege that he was treated differently from other teachers who were asked to submit to a medical examination pursuant to Education Law §913, accused of illegal drug use, failed to appear for work on a regular basis, or acted inappropriately with students and other staff members, plaintiff has failed to allege that he was treated differently from any other teacher within the School District. *DeMaria v. Hawkes*, 328 F. 3d 704, 706 (2d Cir. 2003). Thus, since plaintiff has failed to allege an essential element of his cause of action, his claim should be dismissed.

Moreover, pursuant to the doctrine of qualified immunity, Dr. Arbolino and Mr. Trombetta are shielded from liability because their conduct either does not violate clearly established rights known by a reasonable person or it is objectively reasonable to believe that their acts did not violate those clearly established rights. *Brennan v. City of White Plains*, 67 F. Supp. 2d 362, 375 (S.D.N.Y. 1999). As previously set forth, a right is "clearly established" if the "contours of that right are sufficiently clear that a reasonable official would understand that what he or she is doing violates that right." *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 278 (2d Cir. 1999). Moreover, "objectively reasonable" actions are established when it can be shown that reasonable persons in their position "would not have understood that their conduct was within the scope of the established prohibition." *Fleming v. State Univ. of N.Y.*, 502 F. Supp. 2d 324, 340 (E.D.N.Y. 2007).

Plaintiff argues the individual defendants are not entitled to qualified immunity because "disability discrimination" is against the law, and thus he has sufficiently alleged an equal protection claim pursuant to §1983. Pl. Mem. at 13. Notwithstanding whether a claim of "disability discrimination" can properly give rise to an equal protection claim, here plaintiff completely fails to address the second prong of the qualified immunity test - whether the individual's actions were objectively reasonable. *Brennan v. City of White Plains*, 67 F. Supp. 2d 362, 375 (S.D.N.Y. 1999); *Fleming*, 502 F. Supp. 2d at 340. Herein, the individual defendants requested that plaintiff submit to an examination in light of allegations that plaintiff had engaged in illegal drug use and failed to adequately perform his teaching duties; and was reassigned to another position. Given plaintiff's unacceptable and erratic behavior, as well as the allegations of illegal drug use, it was reasonable, if not necessary, for defendants to take certain actions before permitting to plaintiff to continue to teach special needs school children. In light of the foregoing, plaintiff's claim pursuant to 42 U.S.C. §1983 for a violation of his rights under the Fourteenth Amendment should be dismissed.

## **CONCLUSION**

Based on the foregoing and all papers previously submitted herein, it is respectfully requested that this court dismiss plaintiff's complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as the court deems just and proper.

Dated: Hawthorne, New York
June 6, 2008

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

s/
By:  Lisa L. Shrewsberry (LS 1597)
     Mid-Westchester Executive Park
     Seven Skyline Drive
     Hawthorne, New York 10532
     (914) 347-2600
     Attorneys for Defendants

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                                              ) ss.:
COUNTY OF WESTCHESTER )

CHRISTINA GOLINO, being duly sworn, deposes and says:

That deponent is not a part to the within action and is over 18 years of age.

That on the 6th day of June 2008, deponent served the within **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **ELECTRONIC CASE FILING**.

TO:   Helen G. Ullrich (HU 6597)
        Bergstein & Ullrich, LLP
        15 Railroad Avenue
        Chester, New York 10918
        (845) 469-1277
        *Attorneys for Plaintiff*

                                                            s/_____
                                                            CHRISTINA GOLINO

Sworn to before me this
6th day of June 2008.


  s/_____
Notary Public

**CLAUDINE N. BONCI**
**Notary Public, State of New York**
**No. 01BO5015056**
**Qualified in Westchester County**
**Commission Expires July 12, 2011**