UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- )
JAMES PIERCE,         )
              )
      Plaintiff,    )    **ECF Case No. 08-civ-1948 (SCR)**
              )
  - against -      )
              )
HIGHLAND FALLS-FORT    )
MONTGOMERY CENTRAL SCHOOL )
DISTRICT, PHILIP B. ARBOLINO, former )
Superintendent of Schools, and LOUIS )
TROMBETTA, High School Principal, )
sued in their individual capacities,  )
              )
      Defendants.  )
-------------------------------------------------------- )

 

## SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

 

Of Counsel: Lisa L. Shrewsberry
     Veronica L. Reed

TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600
*Attorneys for Defendants*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        DEFENDANTS' EXHIBITS ARE DOCUMENTS WHICH PLAINTIFF
        HAS ACTUAL NOTICE OF AND UPON WHICH
        HE HAS RELIED IN FRAMING HIS COMPLAINT . . . . . . . . . . . . . . . . . . . . . 2

    POINT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        DEFENDANTS' EXHIBITS ARE
        EXPLICITLY REFERENCED IN PLAINTIFF'S COMPLAINT . . . . . . . . . . . 4

    POINT III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        WHERE WRITTEN DOCUMENTS CONTRADICT ALLEGATIONS
        IN THE COMPLAINT, THE COURT MUST RELY ON THE WRITTEN
        DOCUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

i

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC*,
 2001 U.S. Dist. LEXIS 4875 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cohen v. Acron Int'l Ltd.*,
 944 F.Supp. 204 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cortec Industries, Inc. v. Sum Holding L.P.*,
 949 F.2d 42 (2d Cir. 1991), *cert. denied* 112 S. Ct. 1561 (1992) . . . . . . . . . . . . . . . . . . . 2, 3, 9

*Goldman v. Belden*,
 754 F.2d 1059 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Johns v. Town of East Hampton*,
 942 F. Supp. 99 (E.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kramer v. Time Warner, Inc.*,
 937 F.2d 767 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lown v. The Salvation Army, Inc.*,
 393 F. Supp. 2d 223 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**<u>Statutes</u>**

Americans With Disabilities Act, 42 U.S.C. §12102, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 10(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 9, 10, 13

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

Fed. R. Evid. 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## <u>TABLE OF EXHIBITS ANNEXED TO DEFENDANTS' OPENING MOTION</u>

The following exhibits are annexed to the declaration of Lisa L. Shrewsberry in support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) dated March 31, 2008 and the accompanying memorandum of law in support.  Defendants respectfully refer the court to the exhibits annexed thereto as follows:

Exhibit A       Plaintiff's Summons and Complaint

Exhibit B       Tenure Notice

Exhibit C       Correspondence dated September 8, 2005 from plaintiff to Dr. Arbolino

Exhibit D       Correspondence from school district to plaintiff regarding Education Law §913
                medical examinations

Exhibit E       Report of Dr. Carlos Medina

Exhibit F       Memo from Mr. Trombetta to plaintiff dated July 27, 2006 regarding plaintiff's
                2006-2007 school year teaching assignment

Exhibit G       Memo from Dr. Arbolino to plaintiff dated September 5, 2006 regarding the
                Professional Improvement Plan (PIP) and Employee Assistance Program (EAP)

Exhibit H       Plaintiff's October 19, 2006 letters to Mr. Trombetta and response

Exhibit I       Various memoranda from school district to plaintiff addressing issues arising
                during the 2006-2007 school year

Exhibit J       Correspondence dated June 21, 2007 and correspondence dated July 3, 2007
                regarding plaintiff's 2007-2208 school year teaching assignment

Exhibit K       Plaintiff's attendance record for September 2007 to January 2008

Exhibit L       Various memoranda from school district to plaintiff addressing issues arising
                during the 2007-2008 school year

Exhibit M       Order with Notice of Entry, October 31, 2007 decision of the Honorable Justice
                William J. Giacomo

iii

## PRELIMINARY STATEMENT

This supplemental memorandum of law is submitted in further support of defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). It is respectfully requested that in deciding defendants' motion, the court consider the documents annexed to the moving papers, all of which plaintiff has in his possession or has knowledge of, and upon which he relied in bringing his suit, including, as plaintiff himself acknowledges, documents that are integral to the complaint even if not incorporated specifically therein. In so considering, the court is also asked to dismiss plaintiff's complaint in its entirety, with prejudice, on the grounds that plaintiff fails to plead that: (i) defendants perceived him to be disabled within the meaning of the Americans With Disabilities Act, 42 U.S.C. §12102, *et seq.* ("ADA"); (ii) he suffered an adverse employment action within the meaning of the ADA; (iii) he is a "qualified individual" within the meaning of the ADA; (iv) he was treated differently from any similarly-situated individual; or (iv) there was a violation of a statutory or constitutional right.

## STATEMENT OF FACTS

Defendants respectfully refer the court to the statement of facts set forth in their opening memorandum of law.

1

## **ARGUMENT**

## **POINT I**

### **DEFENDANTS' EXHIBITS ARE DOCUMENTS WHICH PLAINTIFF HAS ACTUAL NOTICE OF AND UPON WHICH HE HAS RELIED IN FRAMING HIS COMPLAINT**

Defendants have moved this court for an order dismissing plaintiff's complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). This motion challenges the sufficiency of the statements in plaintiff's complaint. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied* 112 S. Ct. 1561 (1992). When reviewing a pleading pursuant to a Rule 12(b)(6) motion, a court limits itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). A court may also consider matters of which judicial notice may be taken under the Federal Rules of Evidence, Rule 201. Fed. R. Evid. 201; *Kramer*, 937 F.2d at 773. It is only when the court wishes to consider additional material outside the complaint that Rule 12(b)(6) requires it to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent matter. *Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985).

Contrary to plaintiff's assertions, defendants herein ask this court to consider only those documents which plaintiff has actual notice of and upon which he has relied in framing his complaint. *Cortec*, 949 F.2d at 48. Specifically, plaintiff had notice of Exhibits "B" through "M" annexed to defendants' opening motion, and these documents were integral to his complaint (annexed thereto as Exhibit "A").

2

Pursuant to Fed. R. Civ. P. 10(c), "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion." The Second Circuit has held that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec*, 949 F.2d at 47 (citations omitted). It is well established that when plaintiff fails to introduce pertinent documents as part of his pleading, defendants may introduce the documents as exhibits to their motion to dismiss. *2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC*, 2001 U.S. Dist. LEXIS 4875 at *15-16 (S.D.N.Y. 2001); *Johns v. Town of East Hampton*, 942 F. Supp. 99, 104 (E.D.N.Y. 1996). Moreover, a court may consider documents annexed to the movant's papers which plaintiff either has in his possession or had knowledge of and upon which he relied in bringing his suit. *Cortec*, 949 F.2d at 48. Here, although plaintiff argues that defendants' exhibits should be disregarded by the court, these documents are explicitly referenced in plaintiffs complaint and therefore must be considered in support of defendants' motion. *2 Broadway LLC*, 2001 U.S. Dist. LEXIS 4875 at *15-16.

## POINT II

### DEFENDANTS' EXHIBITS ARE
### EXPLICITLY REFERENCED IN PLAINTIFF'S COMPLAINT

Defendants demonstrate the explicit document references as follows:

| ¶ | Allegation in Plaintiff's Complaint | Defendants' Exhibit | Explicit Reference to the Allegations of the Complaint |
|---|---|---|---|
| ¶11 | In May 2005, the District granted plaintiff tenure. | B | Letter dated May 18, 2005 from Bruce H. Crowder, Superintendent of Schools to Mr. James Pierce: "I am pleased to write this letter acknowledging your tenure appointment by the Board of Education of the Highland Falls-Fort Montgomery Central School District at heir meeting of May 12, 2005.  Your appointment is in the area of Special Education and is effective upon your return to our District in September 2005." |
| ¶21 | **Plaintiff provided to the District evidence** that his orthopedist had prescribed painkillers in response to his legitimate and ongoing chronic pain and that he was in counseling due to his divorce and death of his son. | C | Handwritten note with attachment from James G. Pierce to Dr. Arbolino dated September 8, 2005. |
| ¶17 | In or about June 2005, **plaintiff was directed to contact a physician** retained by the District for a medical examination.  Again, plaintiff was not told the reason for this action. | D | Letter dated June 2, 2006 from Philip B. Arbolino, Superintendent of Schools to Mr. James Pierce: "This is to advise you that the Board of Education has adopted a resolution directing you to submit to a medical examination with a physician chosen by the District, pursuant to Education Law 913." |

| ¶ | Allegation in Plaintiff's Complaint | Defendants' Exhibit | Explicit Reference to the Allegations of the Complaint |
|---|---|---|---|
| ¶20 | In or about October 2006, **plaintiff was again directed to contact the same physician** for another examination.  He was not told the reason for this action. | D | Letter dated November 9, 2006 from Philip B. Arbolino, Superintendent of Schools to Mr. James Pierce: "This is to advise you that the Board of Education has adopted a resolution directing you to submit to a medical examination pursuant to Education Law 913." |
| ¶18 | In his **report to Arbolino**, the District's physician noted that plaintiff was taking Hydrocodone 10, 1 painkiller for pain associated with bilateral hop replacements plaintiff had in 2001 and 2003.  In addition, the physician noted that plaintiff was using Valium 10mg. every other day for two months.  The physician erroneously stated that plaintiff had no prescription for the Valium. | E | Written report and results of tests by Dr. Carlos A. Medina, transmitted to Dr. Philip B. Arbolino on August 10, 2006.  Dr. Medina indicates that he examined Mr. James Pierce, a teacher at O'Neill High School on June 20, 2006 and June 26, 2006.  Dr. Medina indicates that lab tests and x-rays were ordered.  Dr. Medina's report states "Urine drug screen was positive for opiates, patient is on hydrocodone.  He also tested positive for benzodiazapines.  Since he did not list this type of drug, I questioned him about it and he admitted using diazepam (Valium) from his fiancee but without her knowledge. He stated he was stressed and had taken one 10 mg tablet of Valium every other day for two months." |

5

| ¶ | Allegation in Plaintiff's Complaint | Defendants' Exhibit | Explicit Reference to the Allegations of the Complaint |
|---|---|---|---|
| ¶15 | At the end of the 2006 school year, **plaintiff was advised** that he was reassigned to the "In-School Suspension" room and would not be directing the school play the following year. Plaintiff was not given any reason for this action. | F | James I. O'Neill High School Memorandum dated July 27, 2006 from Louis A. Trombetta to James Pierce.  Subject: "2006-2007 Teacher Assignment."  The memo states: "For the 2006-2007 school year your teaching assignment will be teacher in charge of the In-School Suspension room.  This assignment will be for five periods during the school day as outlined by the Highland Falls teacher contract. You will be assigned an additional duty period which will be determined after the master schedule is completed." |
| ¶19 | In or about September 2006, in a **memo to Trombetta**, Arbolino discussed steps to comply with the Board of Education's directive to carefully monitor plaintiff and keep a close watch on his actions . . . | G | Memo dated September 1, 2006, Dr. Philip Arbolino, Superintendent to Louis Trombetta, regarding, "Mr. James Pierce."  The memo states: "As we have discussed, the Board of Education has directed us to carefully monitor and keep a close watch on the behavior and actions of Mr. James Pierce, particularly as he interacts with students, staff, administrators and parents . . ." |

6

| ¶ | Allegation in Plaintiff's Complaint | Defendants' Exhibit | Explicit Reference to the Allegations of the Complaint |
|---|---|---|---|
| ¶19 | . . . At no time did **defendants discuss** with plaintiff the district's alleged concerns or the reasons therefor. | G | Memo dated September 5, 2006, Dr. Philip Arbolino, Superintendent to Mr. James Pierce, regarding, "Our Meeting of 09/01/06." The memo states: "As per our meeting of 09/01/06, you are to meet with Mr. Trombetta prior to 09/18/06 to develop and immediately implement a Professional Improvement Plan . . . Each morning, you must report to Mr. Trombetta's office to determine your schedule for the day . . . Furthermore, I am recommending that you enter the Employees Assistance Program (EAP) as a supportive resource to you during this school year . . . Please let me know if you have any questions or need any further clarification." |
| ¶24 | Moreover, throughout that school year, Trombetta micromanaged plaintiff's conduct and **barraged him with continual memoranda** baselessly criticizing his behavior. | I | Copies of memoranda from Mr. Louis Trombetta to Mr. James Pierce, including memo dated January 18, 2007, re: "Follow-up to our meeting held on 1/17/07;" memo dated January 18, 2007, re: "Use of camera during school hours;" memo dated February 22, 2007, re: "In-school suspension;" memo dated March 19, 2007, re: "Counseling memo;" memo dated March 23, 2007, re: "Charge of ½ sick day;" memo dated April 3, 2007, re: "Attendance;"memo dated April 25, 2007, re: "Attendance;" memo dated May 1, 2007, re: "Leaving school without notification;" memo dated May 7, 2007, re: "Photograph." |

| ¶ | Allegation in Plaintiff's Complaint | Defendants' Exhibit | Explicit Reference to the Allegations of the Complaint |
|---|---|---|---|
| ¶26 | In or about June 2007, **plaintiff was advised** that he would be returned to classroom teaching in fall 2007 . . . | J | Letter dated June 21, 2007, Philip B. Arbolino, Ed.D, Superintendent of Schools to Mr. James Pierce.  The letter states: "This letter is to give you official notification that you have been transferred from James I. O'Neill High School to the Highland Falls Middle School in your position as Special Education Teacher . . . More specific duties and responsibilities for this assignment will be forthcoming . . ." |
| ¶26 | . . . No **explanation** was given to him concerning the change in his status. | J | Letter dated July 3, 2007, Philip B. Arbolino, Ed.D, Superintendent of Schools to Mr. James Pierce.  The letter states: "At its Reorganization Meeting last night . . . the Board of Education approved a Contingency Budget for the 2007-2008 School Year comprised of specific budget cuts . . . Due to these cuts, as well as related budgetary issues, you have been reassigned back to James I. O'Neill High School as a Special Education inclusion/resource teacher, Grades 9-12." |

| ¶ | Allegation in Plaintiff's Complaint | Defendants' Exhibit | Explicit Reference to the Allegations of the Complaint |
|---|---|---|---|
| ¶27 | In September 2007, plaintiff returned to the classroom to teach Special Education Math. He was **again subjected to a barrage of** baseless **criticisms** and removed from teaching a number of classes. | K, L | Exhibit K is a copy of plaintiff's attendance record. Exhibit L includes a number of memoranda from Mr. Trombetta to Mr. Pierce, including a memo, among others, dated December 3, 2007, which states, "Please note that this change was necessitated due to numerous concerns regarding your Mathematics 9 class. Specific concerns were: 1. Due to you high absentee rate the continuity of instruction was jeopardized. 2. Your refusal to accept academic support and seek professional support from the administration and teaching peers . . . 3. The pace of curriculum delivery (too slow) and the need to prepare the class for the Algebra Regents or Mathematics RCT." |

As the Second Circuit discussed in *Cortec Industries, Inc. v. Sum Holding L.P.*, when a court reviews statements extraneous to a complaint, then the possibility exists that a plaintiff may not have notice that the court will consider these statements. 949 F.2d at 48. Clearly, as evidenced by the chart above, this is not the case in the instant matter. Plaintiff not only had actual notice of the documents, he makes specific references to these documents in his complaint! Plaintiff may be unhappy with the information in the defendants' papers, and wish that the documentary evidence did not so clearly establish that his allegations are completely without merit, but that does not change the fact that plaintiff had actual notice of all of the information in the exhibits and relied upon these documents in framing his complaint. As such, this court may consider all of defendants' exhibits in deciding the Rule 12(b)(6) motion without translating the motion into one under Rule 56.

9

## POINT III

### WHERE WRITTEN DOCUMENTS CONTRADICT ALLEGATIONS IN THE COMPLAINT, THE COURT MUST RELY ON THE WRITTEN DOCUMENT

When reviewing a motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a district court should dismiss plaintiff's claims if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Lown v. The Salvation Army, Inc.*, 393 F. Supp. 2d 223, 234 (S.D.N.Y. 2005). In applying this standard, a court treats all factual allegations in the complaint as true and draws all reasonable inferences in a light most favorable to plaintiff. *Id.* However, where a written document contradicts an allegation in the complaint, a court must rely on the written document. *Cohen v. Acron Int'l Ltd.*, 944 F.Supp. 204, 207 (S.D.N.Y. 1996) ("to the extent that the written document contradicts the allegations in the complaint, the former controls").

It becomes apparent, when the documents are compared side-by-side to the allegations of the complaint, that plaintiff has made a number of allegations which are clearly belied by the documents relied on in drafting his complaint. Specifically, plaintiff alleges that defendants failed to "discuss with plaintiff the district's alleged concerns of the reasons therefore. Ex. A, ¶19. However, a memorandum annexed to defendants' motion as Exhibit G dated September 5, 2006 and addressed from Dr. Arbolino to Mr. Pierce clearly refers to a meeting attended on September 1, 2006. At this meeting Mr. Pierce was instructed to meet with Mr. Trombetta to develop and implement a Professional Improvement Plan (PIP) for classroom management strategies, behavioral expectations and academic goals and objectives for the 2006-2007 school year. Plaintiff was further instructed to report to Mr. Trombetta each morning to determine his schedule for the day, and it was

recommended that plaintiff enter the Employee Assistance Program (EAP) as a supportive resource. Plaintiff responded to Mr. Trombetta's memo in October 19, 2006 with two handwritten letters claiming that his new assignment as teacher in charge of the in-school suspension room and the alleged denial of his request to review his personnel file were in violation of the collective bargaining agreement. Plaintiff's letters and Mr. Trombetta's response are annexed to defendants' motion as Exhibit "H."

Plaintiff also alleges that he was not given an explanation for why he was returned to classroom teaching for the 2007-2008 school year. Ex. A, ¶26. This too, is belied by a letter annexed to the moving papers as Exhibit "J." This letter, dated July 3, 2007 clearly states that Mr. Pierce's reassignment was due to "specific budget cuts" and "related budgetary issues."

Furthermore, Mr. Pierce alleges that the School District subjected him to memoranda constituting a "barrage of baseless criticisms." Ex. A, ¶¶24 and 27. Defendants have provided all memoranda sent to Mr. Pierce, and upon which he relies in drafting the allegations of his complaint, as Exhibits "I" and "L." While your affirmant does not consider the memos a "barrage," it is acknowledged that over a course of four months in 2007, plaintiff received seven memos pertaining to disciplinary matters and absences, relating to, *inter alia*, refusing to admit a student to the in-school suspension classroom, absences from parent/teacher conferences, multiple absences from school, confrontations with colleagues, and unauthorized departures from the school campus without explanation in the middle of the day. Ex. I. In January 2008, plaintiff received merely three memos pertaining to: (i)confrontations with colleagues, (ii) inappropriate and unprofessional behavior, (iii) engaging in inappropriate physical contact with students, (iv) attempting to solicit inappropriate favors from students, (v) napping during test proctoring, (vi) using a loud voice during test

11

proctoring, and (vii) leaving a proctoring assignment prior to the completion of the exam.  Ex. L.

In his opposition, plaintiff argues that this court should disregard these and other documents attached to defendants' motion, and it is apparent why plaintiff would wish the court to do so. However, in evaluating plaintiff's complaint, it is clear that it cannot withstand an assessment of legal feasibility and must be dismissed in its entirety. with prejudice, against the defendants.

## <u>CONCLUSION</u>

Based on the foregoing, the previously submitted motion papers, accompanying memorandum of law in support and all of the supporting exhibits annexed thereto, it is respectfully requested that this court dismiss plaintiff's complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as the court deems just and proper.

Dated: Hawthorne, New York
        July 21, 2008

                    TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

                            _____s/_____
                    By:    Lisa L. Shrewsberry (LS 1597)
                           Veronica L. Reed (VR 1790)
                           Mid-Westchester Executive Park
                           Seven Skyline Drive
                           Hawthorne, New York 10532
                           (914) 347-2600
                           *Attorneys for Defendants*