UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES PIERCE,

                Plaintiff,

HIGHLAND FALLS-FORT MONTGOMERY
CENTRAL SCHOOL DISTRICT, PHILIP B.        08 Civ. 1948 (SCR)
ARBOLINO, former Superintendent of
Schools, and LOUIS TROMBETTA, High
School Principal, sued in their individual        ECF Case
capacities,

                Defendants.
----------------------------------------------------------X

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
THE COMPLAINT PURSUANT TO RULE 12(b)(6)**

STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff

## INTRODUCTION

Plaintiff, James Pierce, submits this supplemental memorandum of law in opposition to defendant's motion to dismiss the Complaint under Rule 12(b)(6). In its supplemental brief, defendants urge this Court to consider the memorandums submitted in support of its motion to dismiss on the ground that plaintiff had notice of these documents when he drafted the Complaint. For the following reasons, this Court should reject defendant's arguments in their entirety and rely solely on the allegations in the Complaint in resolving this motion.

## POINT I

### AS THE COMPLAINT CHALLENGES THE GOOD FAITH BASIS FOR DOCUMENTS RELIED UPON IN SUPPORT OF THIS MOTION, THE COMPLAINT CONTROLS THE RULE 12(b)(6) INQUIRY

"Although a court considering a motion to dismiss for failure to state a claim is limited to the facts stated in the complaint, the complaint includes any written instrument attached to it as an exhibit and any statements or documents incorporated into it by reference." Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995). Defendants suggest that this well-known principle also means that the Court should accept as true any documents of which plaintiff was aware in drafting the Complaint. By way of example, defendants note that the Complaint alleges that they subjected plaintiff to a barrage of baseless written criticisms. They argue, "Plaintiff may be unhappy with the information in the defendants' papers, and wish that the documentary evidence did not so clearly establish that his allegations are completely without merit, but that does not change the fact that plaintiff had actual notice of all of the information in the exhibits and relied upon those documents in framing his complaint. As such, this court may consider all of defendants' exhibits in deciding the Rule 12(b)(6) motion without translating the motion into one under Rule 56." (Defs' Supp. br. at 9).

Defendants can only be arguing that, since plaintiff references these memos in the Complaint, this Court must accept those negative memos as true. Under Rule 12(b)(6), this cannot be the case. The Complaint expressly alleges that these negative memos are "baseless." (Complaint ¶¶ 24, 27). Drawing all inferences in plaintiff's favor, defendants prepared these memos in bad faith. Their mere existence cannot support relief under Rule 12(b)(6).

The Second Circuit made this clear in Gant v. Wallingford Board of Education, 69 F.3d 669 (2d Cir. 1995). In Gant, alleging that the school district was deliberately indifferent to racial discrimination against their son, the plaintiff appended to the Complaint a copy of the superintendent's investigative findings rejecting their allegations. Id. at 671-72. Reversing the district court's Rule 12 dismissal, the Second Circuit noted that, while Rule 10(c) incorporates by reference any documents attached to the Complaint, it does not follow that the district court must accept as true the accuracy of those documents. The Court reasoned:

> Both the district court and the defendants assume that Rule 10(c) requires a plaintiff to adopt as true the full contents of any document attached to a complaint or adopted by reference. This is not a proper reading of the rule. Courts have found that, "if the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate," Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (6th Cir. 1974) (prospectus attached to complaint alleging bond purchase based on material misrepresentations). An appended document will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is (or, in the absence of a descriptive allegation, that it is what it appears to be). For example, a written contract appended to the complaint will defeat invocation of the Statute of Frauds, and a document that discloses what the complaint alleges it concealed will defeat the allegation of concealment. By the same token, however, a libel plaintiff may attach the writing alleged in the complaint to be libelous without risk that the court will deem true all libels in it. Similarly, a receipt for goods, alleged in the pleading to have been forged, may or may not evidence forgery on its face, but it does not concede delivery of goods for pleading purposes. Id. at 674 (emphasis supplied).

Just as the district court in Gant could not accept as true the findings in the

2

Superintendent's disputed report, this Court should not accept as true the many negative performance memos attached to defendants' motion to dismiss. As the Complaint disputes the good faith basis for these records, these documents do not by themselves foreclose liability against defendants. Compare, id. at 675 ("Given the allegations of the complaint that we must accept as true, the Gants have invited us to read Exhibit B as a self-serving document rather than a particularization of their claim. It was therefore error for the district court to assume that plaintiffs' complaint adopted the Superintendent's exculpatory conclusions").

## POINT II

### THE COMPLAINT DOES NOT CONTRADICT ANY OF THE DOCUMENTS SUBMITTED IN SUPPORT OF DEFENDANT'S MOTION

Defendants argue that the documents in support of its motion should control under Rule 12 because they "clearly belie[]" the allegations in the Complaint. (Def. Supp. br. at 10). This is not true. Defendant's first example is Exhibit G, a September 5, 2006 memo from Dr. Arbolino to plaintiff referring to a September 1, 2006 meeting. That document advises plaintiff that he will develop a professional improvement plan and that he was assigned the In-School Suspension room and the Alternative Students Classroom. Dr. Arbolino also recommended that plaintiff enter the Employee Assistance Program. As it does not explain the reason for these unusual assignments, this document does not contradict the Complaint's allegation that "at no time did defendants discuss with plaintiff the district's alleged concerns or the reasons therefor." (Complaint ¶ 19).

More important, defendants challenge the Complaint's allegation (¶¶ 24, 27) that they micromanaged his employment by subjecting him to a barrage of baseless criticisms. While defendants urge this Court to consider these documents (Exhibits I and L), they ignore the plain

3

allegations in the Complaint. Plaintiff is not conceding the accuracy of these records. Most employment discrimination claims involve allegations of baseless employment criticisms. Contrary to Gant v. Wallingford Board of Education, defendants' position would allow this Court to assume the truth of any negative performance memos cited in the Complaint. This result would obviate the need for any discovery to assess the credibility of management's criticisms and encourage defendants to pad the personnel files with additional adverse documents in order to compel dismissal of the Complaint from the outset.

## CONCLUSION

This Court should deny defendants' motion to dismiss in its entirety and set this matter down for discovery.

Dated:   July 28, 2008

Respectfully submitted,

S/_____
STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff
